# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CANTRELL WOODS** | CIVIL ACTION |
| VERSUS | NO. 18-6142 |
| STACI HANDS, ET AL. | SECTION "L" (1) |

## ORDER & REASONS

Before the Court is Plaintiff's motion for partial summary judgment on the issue of liability R. Doc. 24. No opposition was filed. Having considered the Plaintiff's motion and the applicable law, the Court now issues this Order & Reasons.

## I. BACKGROUND

This case arises out of a June 2017 car accident in Chalmette, Louisiana. Plaintiff Cantrell Woods was driving his father's car west on Judge Perez Drive. As he slowed to turn right into a parking lot, his car was allegedly rear-ended by a GMC Yukon operated by Defendant Staci Hands and owned by Defendant Sean Ducoing. Plaintiff alleges that Hands was negligent in failing to properly control her vehicle, following too closely, speeding, and failing to see what she should have seen; and that Defendant Sean Ducoing was negligent in "loaning his vehicle to somebody whom he knew or should have known was a careless operator." R. Doc. 1-2 at 3.

Defendant Hands admitted to the investigating Deputy at the scene of the collision that she saw Plaintiff decrease his speed and prepare to turn, and that she unsuccessfully attempted to avoid the accident by slowing her vehicle. R. Doc. 24-6 at 6. The Louisiana State Uniform Motor Vehicle Traffic Crash Report shows that Hands was found in violation for "following too closely" and that

she was "inattentive." *Id.* at 3. She was issued citations for careless operation and for driving without a valid driver's license. *Id.* at 6. According to the crash report, the investigating Deputy found that Plaintiff was not in violation at the time of the accident, was not distracted, and was engaged in normal movement. *Id.* at 5. Furthermore, Plaintiff testified that he had been driving in the right lane of travel for over a mile, and that he activated his turn signal before initiating the turn into the parking lot. R. Doc. 24-5 at 3.

Plaintiff moves for summary judgment on the issue of liability, arguing that the crash report, statements made by Hands to the investigating Deputy, and Plaintiff's sworn deposition testimony show that Defendants' negligence was the sole cause of the accident. No opposition was filed.

## II.  LAW AND ANALYSIS

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate

inferences based on the evidence in the light most favorable to the non-moving party. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001).

Having reviewed the evidence and arguments submitted by Plaintiff, the Court finds that Plaintiff's unopposed motion – as it relates to liability for the negligence of Defendant Hands – has merit. The factual findings contained within the crash report, statements made by Hands to the investigating Deputy, and Plaintiff's sworn testimony are sufficient to establish the absence of a genuine issue of material fact as to liability of Defendant Hands.

Plaintiff has also sued Sean Ducoing, alleging that he was negligent in "loaning his vehicle to somebody whom he knew or should have known was a careless operator." R. Doc. 1-2 at 3. Although Plaintiff moves for summary judgment on the issue of liability against "all defendants," Plaintiff submits no evidence relating to, and does not even mention, Mr. Ducoing. A district court "may not grant a motion for summary judgment merely because it is unopposed." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010). Indeed, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steep Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). Accordingly, Plaintiff is not entitled to summary judgment on the issue of liability with respect to Mr. Ducoing.

### III. CONCLUSION

For these reasons, Plaintiff's unopposed motion for partial summary judgment on the issue of liability, R. Doc. 24, is **GRANTED IN PART**. The motion is denied as to Defendant Sean Ducoing and granted as to all other defendants.

New Orleans, Louisiana, on this 26th day of March, 2019.

**ELDON E. FALLON**
United States District Judge